Trowbridge, J.
A common judgment creditor in England has his election to sue out a levari facias, fieri facias, elegit, or copias ad satisfaciendum, but can execute but one of them at a time. The levari facias commands the sheriff" that, of the lands, goods, and chattels, of the debtor, he cause to be levied the sum recovered, so that he have it in court, to be delivered to the creditor. The fieri facias commands the sheriff that he cause to be made of the goods and chattels of the debtor the sum recovered, and to have the money in court, &c., to render the creditor his debt, &c. The elegit commands the sheriff to deliver the debtor’s goods and chattels (except the cattle of the plough) and half of his land at a reasonable price and extent, to hold until the debt is levied. The copias ad saiisfa ciendum commands the sheriff to take the debtor’s body, and bring him into court at the return day, that he may pay the debt, &.c.
All these writs are directed to the sheriff only, and he only is to make return thereof. Upon the levari facias, the money is to be levied by sale of the goods and chattels, and the' issues of the land. Upon the fieri facias, the sheriff is to make the money by sale of the goods and chattels. Upon an elegit, the * sheriff cannot sell, but must deliver the goods and chattels, and half the lands, to the creditor, at the value put upon them by a jury of twelve men under oath; and if there be goods and chattels enough to answer the debt, the land is not to be extended. (1) If the debtor pays the money, the sheriff ought not to sell the goods on the levari facias or fieri facias, or deliver them, or extend the land on the elegit. Although by the copias ad satisfaciendum the sheriff is commanded to bring the body into court, yet, if he receive the money of the debtor, and bring it into court, or pay it to the creditor, the court will excuse him.
A common judgment creditor here can have but one executi »n *406 and that is directed to the sheriff, his under sheriff or deputy; reciting the judgment, and commanding them that, of the goods, chattels, and land, of the debtor, they cause to be paid and satisfied to the creditor, at the value thereof in money, the aforesaid sums, and thereof also to satisfy themselves for their own fees; and for want of, &c., or that he be discharged by the creditor, &c., and to make return of their doings, &c. The officer is not commanded to levy such sums of money, of the goods, &.C., and to bring it into court, as by the levari facias, or to pay it to the creditor; but he is, of the debtor’s goods, chattels, or lands, to cause to be paid and satisfied to the creditor, at the value thereof in money, the sums recovered, &c.; that is, to cause the creditor to be paid and satisfied his debt, in the goods, chattels, or lands, of the debtor, at a reasonable price and extent, as in the elegit; and the officer being also commanded, for want of goods, &c., to the acceptance of the creditor, to take the debtor and imprison him, shows that the creditor has his election to take his satisfaction in the goods, chattels, or lands, of the debtor, or to have his body imprisoned until he pays the money, and that he has no other choice. He cannot oblige the officer to take the debtor’s goods, chattels, or lands, and sell them, and thereby raise money to pay the debt; nor can he do it without consent of the debtor.
The sheriff has no right to take a debtor’s estate, and sell it, unless he is empowered by law to do it; and neither the common law, nor any statute or law of the province, empowers him * to do it here, unless it be the execution established by law; and that neither expressly empowers him to do it, nor requires him to do any thing that he cannot do without having such a power, as do the levari facias and fieri facias; and therefore he has no such power.
Of what consequence would it be to the creditor, whether goods or estate of the debtor, tendered or found, were to his acceptance or not, if the creditor was not to receive the same in satisfaction of his debt, but the officer was obliged to raise the money by the sale thereof ? It should, in that case, rather have been to the acceptance of the officer than the creditor. But the writ expressly makes the debtor’s being imprisoned or not depend on the goods or estate tendered or found being to the acceptance of the creditor, or not; or, in other words, on his being content to receive the same, at the appraised value in satisfaction of the judgment.
There is neither price nor value mentioned in the fieri facias nor in the levari facias; nor was it proper for either to be inserted in either of those writs, as the estate was to be sold for the most it would fetch, be it more or less. Because, if either the words at a *407 reasonable price, as iti the elegit, or at the value thereof in noney, as in our writ, had been in the fieri facias, or the levari facias, the sheriff’ must have caused the estate to be appraised, before he sold it fo1- the most it would fetch, and have made return thereof accordingly ; and that would have been attended with considerable expense to no good purpose. For that reason, they were not inserted in either of those writs, upon which the money was to be raised by the sale of the estate; but with great propriety were inserted in our writ, whereby the creditor was to receive his satisfaction in the estate, if he pleased, and not by the proceeds of the sale of it.
The words, to the acceptance of the creditor, were not in the writ when it was first established, as appears by the 4 and 5 of Will, f Mar. c. 21, but were inserted by force of that act, on purpose to give the creditor the election aforesaid, and to oblige the officer to govern himself accordingly. The clause of the act to this purpose is not in either of the last impressions of our laws; but is in the Province Law Book, printed in 1726, p. 35. The words are these: “ And whereas, by the precedent or form of an execution, the officer is commanded, for * want of goods, chattels, or lands, of the debtor, to be by him shown or found within the precinct, to take the body of such debtor and commit him to prison, it is hereby explained, enacted, and declared, by the authority aforesaid, that, where judgment is granted for money, or for any particular specie, the creditor shall not be compelled to take any other specie; but in every such case, for want thereof, the officer shall take the body of the debtor in execution, and im prison him, unless such creditor shall be content to receive his satisfaction in such other estate as may be tendered or found. And these words, to the acceptance of the said A. B., shall be supplied and inserted in the body of the writ of execution, to follow next the word precinct.'”
There is not the least intimation given that the officer was to raise the money by the sale of the debtor’s estate; but, on the contrary, it plainly appears that the makers of this act thought that, upon the old writ, the creditor was obliged to take his satisfaction in such estate of the debtor as was tendered or found, or go without satisfaction; which could not be the case, if the officer was obliged to raise the money by the sale of the estate; and therefore they enact that, where judgment is for money, he shall not be compelled to take any other specie; but, for want of it, the officer shall imprison the debtor, unless the creditor is content to receive his satisfaction in such other estate as may be tendered or found ; but do not add, or unless the officer can raise the money by sale of the other estate, or words to that effect; as they doubtless would have *408 done, had they supposed he was obliged to do it, if the creditor chose he should, rather than receive the estate or have the body imprisoned.
It is plain, also, that the makers of this act thought that the inser tian of these words, “ to the acceptance of the creditor,” in the execution, would give the creditor, for want of the money being paid by the debtor, his.election to receive his satisfaction in other estate, or to have the debtor imprisoned until he paid the money; and they intended it should have that effect, and therefore the present writ ought to be so construed and understood, especially as this is the sense put upon it by an explanatory act. (2)
* In England, the creditor has his election, and makes it by suing out the elegit or copias ad satisfaciendum; and here the same election is given him, although both these writs are included in one. As on the elegit, the sheriff coidd not extend the lands, if there were goods and chattels enough to answer the debt, &c., so the act of 8 Will. 3, c. 3, subjects the land to be taken in execution, unless the debtor or his attorney tenders the officer personal estate sufficient to pay the debt, &c.
But this doth not take from the creditor his election of receiving his satisfaction in the estate tendered or found, or having the body imprisoned; nor doth it empower the officer to sell the estate tendered, unless the tendering of it to him be considered as an evidence of the debtor’s consent that he should sell it, which it ought not to be. For the debtor may well be presumed to choose to pay his creditor in his personal estate, at the appraised value, rather than in his real estate, especially as then he could not redeem either; † and to choose to take the chance of being taken and imprisoned, until he raised the money by pawning, mortgaging, or selling his estate, to the best advantage, rather than to put it in the power of an officer to sell it for the most it would fetch, perhaps for half its value.
Again, if the legislature had designed that the sheriff should sell a living debtor’s estate, and thereby raise money to pay the debt, &c., they would not have made the precept in the form they did ; but would either have expressly required him to sell it, or to have done that which could not have been done without selling the estate, as is done in the levari facias or fieri facias; or would have expressly empowered him, by some law, to sell a debtor’s estate as they, by 2 Anne, c. 5, empowered him to sell the estate of a deceased debtor; where the creditor had judgment and execution *409 for money, and was not content to receive satisfaction in the goods or estate of the deceased, at an appraised value. Here the creditor has liis election to take his satisfaction in the estate, or in the proceeds of the sale of it; but in the former case, to have the estate, or his body imprisoned ; which would oblige him to raise the money to pay the debt. And because the body of an executor or administrator * could not be imprisoned for the deceased’s debt, and he thereby be compelled'to pay the money, the legislature, agreeably to the spirit of the explanatory act aforesaid, in order to prevent the creditor’s being obliged to take his satisfaction in the estate of the deceased, at an appraised value, enabled the sheriff to sell it, and thereby to raise the money and pay the debt. There is a good reason for the sheriff’s being empowered to sell a deceased debtor’s estate, which doth not hold good in the other case. What reason can be assigned for the sheriff’s being so expressly empowered by this act to sell in this case, if he was before, by the writ of execution, or any prior law, empowered to do it? Surely no good reason can be assigned for it. The words of the execution, so far as respects the estate, are the same in both cases.
The legislature hath, in many cases, empowered officers, as well as others, to sell estates ; but then it always hath been done by express words, plainly and clearly giving them power so to do. From hence may be deduced an additional argument, to prove that they did not intend, by our writ of execution, to empower the sheriff to sell any debtor’s estate.
By our writ of attachment or copias, the sheriff, his under sheriff or deputy, are commanded to attach the goods or estate of a supposed wrong-doer, to a certain value, &c., and for want thereof to take his body, so that they have him at court, to answer the plaintiff, and to make return of their doings. And by the act of 13 Will. 3, c. 15, the estate so attached is not to be discharged until thirty days after judgment for the plaintiff, to the intent that he may take the same by execution for satisfying the judgment, so far as the value thereof can extend, if he think fit, unless the judgment be sooner or otherwise satisfied. And the same act provides that, if the body be taken and imprisoned on that writ, it shall be held the same time after judgment for the plaintiff, that it may be taken in execution, if the plaintiff do not order the sheriff to discharge him before. The difference in the mode of expression in the same act is observable. The body is to be held, that it may he taken in execution; the estate is to be held, that the plaintiff may take the same in execution to satisfy the judgment', so far as the value *410 thereof can extend, if he think fit; that is, if he chooses to receive the same at the appraised value.
* This act strongly implies that the judgment may be
satisfied within the thirty days, otherwise than by the estate attached, or the body’s being taken in execution. And the act of 6 Geo. c. 2, expressly empowers the creditor to cause the judgment to be otherwise satisfied ; for it is thereby enacted, that when any person recovers judgment for money or any other specie, and the debtor is either unwilling or unable to satisfy the judgment by money or other specie, and the creditor, finding no other personal estate to his acceptance, doth therefore think fit to levy upon the real estate of the debtor rather than on his person, the officer shall cause the same to be appraised and set out by three persons appointed and sworn as the act directs, and deliver the creditor possession thereof, and make return thereof accordingly And if the estate cannot be divided and set out by metes and bounds, then he shall extend the rents, &c.
This act extends to all cases where the debtor is unwilling or unable to pay the money, or other particular specie which the judgment is for; and his not paying it, especially if demanded, will be evidence of his being either unwilling or unable to do it; and therefore it must extend to the cases where the body or estate is taken upon the copias or attachment, and the thirty days not expired. For the debtor’s being in prison doth not show him to be able or willing to pay the money, nor doth the officer’s attaching the estate, although by direction of the plaintiff, show that when the plaintiff has recovered judgment, he is content to receive his satisfaction in the estate so attached, rather than in other estate of the debtor, or rather than the debtor’s body should be imprisoned until he pays the money, which this act intends by levying on the person of the debtor. This act also alters the condition upon which the real estate may be taken upon execution by the 8 Will. 3, from a tender to an acceptance, and giving the creditor his election to take his satisfaction in any part of the debtor’s estate, real or personal, or to have his body imprisoned until he pays the money. As the creditor has his right of election, so the debtor, in consequence thereof, has a right to his liberty, if goods, chattels, or lands, are shown or found to the acceptance of the creditor, to satisfy the judgment, &c. And it is at the peril of the officer, that he infringes the right of the one or of the other.
* As the officer’s duty, as well as the debtor’s right, depends upon the creditor’s election, the officer cannot poss:bly know what he ought to do ; and therefore, neither in rea *411 son or law, is obliged to act, until that election is expressly made, or by some act of the creditor is reasonably supposed to be made. If the creditor, instead of the money, is willing to accept the debt- or’s goods, chattels, or lands, in satisfaction of his debt, it is the officer’s duty therewith to cause him to be satisfied; but if he is not willing, it is the officer’s duty, for want of the money, to take the debtor and imprison him. As soon as the officer has the writ of execution, he ought to know what he has to do by force of it, or at least the first step he has to take; and if that depends upon the will of the creditor, he only can, and therefore ought to make it known to the officer, as soon as he delivers him the writ.
The debtor is allowed twenty-four hours after judgment to pay the money, and thereby prevent the execution’s issuing against him. If he does not pay it in that time, it is to be supposed that he cannot or will not do it. Whereupon the execution issues in the form prescribed, wherein no mention is made of the money’s being to be paid by the debtor, or of its being demanded of him. The officer therefore is not obliged to demand the money of the debtor, or even to let him know that he has an execution against him, before he arrests him or takes his estate. The first step, therefore, the officer is to take, is to find and take the debtor’s body or estate. If the officer, by force of the writ, has a right to take the debtor’s goods and chattels, and doth take them to the value of the debt, &c., the debtor mayo be thereby discharged of the debt, and the creditor obliged to look to the officer. (3) For if the officer is not obliged to seek for any estate which, when found, is not lawful for him to take — and he has no right to take the estate unless the creditor is content to receive it instead of the money; and he is a trespasser if he doth it against the will of the debtor — it cannot be thought reasonable that the officer should be obliged to find and take the debtor’s goods and chattels from him, and carry them to the creditor, or keep them until he will come to see if he is content to receive them, at the value they may be appraised at, instead of the money ; and if he will not, that the officer * should be obliged to return them back to the debtor, or to his house, and then look out for the debtor and imprison him. The creditor may as well say that he will not make his election until the estate, real or personal, is appraised; whereas, by the act of 6 Geo., it is plain that the election must be before the appraisement; because it is upon the creditor’s thinking fit to levy on the real estate, that the officer is to cause it to be appraised, set out, and delivered to the. creditor. Indeed, if he thinks an unrea *412 sonable value is set upon the estate, he may apply to the court whence the execution issued, to prevent the officer’s return being filed and recorded ; and upon just cause being shown, they will not allow it to be done, and then the creditor may have an alias execution. But if the officer returns that he has caused the estate to be appraised, &c., and has delivered possession thereof to the creditor, and the return be filed and recorded, the creditor is bound thereby; but may have an action of ejectment to recover the land, if possession thereof was not actually given him; and that return will enable him to do it, if the land was the debtor’s in fee when extended. (4)
Upon the whole, the creditor ought to make his election as soon as the officer has the writ of execution ; and if he delivers or sends the execution to him, without declaring his being content to receive satisfaction in the debtor’s estate, or giving, the officer any direction concerning it, it is to be presumed hejs not content to receive his satisfaction in any other estate of the debtor than money. For his willingness not appearing when it ought to appear if he were willing, he, in judgment of law, is not willing, according to the rule, “ that which doth not appear is not; ” especially as the officer must, for want of the money, take the debtor and imprison him, if to be found; which is esteemed, in reason and in law, the highest and best execution, and the most forcible. (5) If goods, chattels, or land, were taken, the creditor must appoint one of the three appraisers ; for the officer on an execution cannot determine the value of goods, chattels, or land, any more than the sheriff in England can the price, and extent on the elegit; and therefore he must find the value by the verdict of a jury, that being the rule at common law, unless that rule be altered by some statute or law of the province. * Now, although there is no act of Parliament, or of this province, touching this matter, that expressly mentions goods or chattels, yet, as the act of 6 Geo. directs that the value of real estate taken in execution shall be determined by three freeholders under oath, one of whom to be appointed by the creditor, it may be reasonably supposed that the makers of that act intended that the officer should observe the same rule with regard to goods and chattels; and therefore that act is, by an equitable construction, extended to goods and chattels.
So that, if the creditor is content to receive his satisfaction in goods and chattels or lands, he must appoint one of the persons to appraise the same. And he must also, by himself or some one else, -eceive the goods and chattels, after they are appraised; for the *413 officer is not obliged to carry them to the creditor, whatever they are, or wherever he may be. And therefore, if the creditor points out no particular estate, nor nominates or appoints any person to appraise the estate, that may be found, or to receive it for him, nor gives any particular directions concerning it, it is reasonable to suppose he has no thoughts of taking any thing but' the money or body, although goods, chattels, or lands, were attached, even by his order, on the original writ. For he is not obliged to take them after judgment, as appears above; and a creditor may, and often doth, think himself in danger of losing his debt, and therefore directs the officer to attach estate, which he would be very unwilling to take at the appraised value instead of the money, if he had any prospect of getting the money in any other way. Sometimes, too, he directs estate to be attached which he only suspects to be the debtof’s, and which, before judgment, he finds that the debtor had no right in. As, therefore, the creditor is not obliged to take the estate in execution, which was attached by his order on the original writ, so neither is any attachment of the estate of the debtor any evidence of the creditor’s being, after judgment, content to receive it in satisfaction of his debt, to justify the officer’s taking it by the execution, much less to oblige him to do it. (6)
It has been said that the sheriff, his under sheriff, and deputy, are but one, and that the official acts of either are, in law, to be con sidered as done by the sheriff himself. If this be law * in this province, it affords a very strong argument that the plaintiff’s directing an officer to attach estate on the original writ is not, without further directions, such evidence as will make it the officer’s duty to take it upon the execution For the rule must be the same, whether the execution be delivered to the person who made the attachment, or to another. Suppose, then, the sheriff of Middlesex attaches estate, by force of a writ returnable to the inferior court in Worcester, and retui ns it; and judgment is rendered, and the execution issues thereon, and is sent to a deputy sheriff living at the extreme part of the county of Middlesex, adjoining to that of Worcester, within the thirty days, without any special directions, or notice given that any estate was taken .on the original writ, and the deputy is wholly ignorant of the fact, and doth not take it, but looks out for the person of the debtor; is he guilty of any fault, or is he subject to an action, when he is guilty of none ? Or is the sheriff in fault for not taking the estate by the execution, when he had it not; or is he subject to an action for not doing that which, without any fault of his, he never had it in his *414 power to do; or for the default of his deputy, who had not been guilty of any? Surely, natural justice forbids it; and therefore lie who affirms it must show some clear, positive, and express law, subjecting the sheriff to an action in such case, before he can, be believed.
It may, and1 frequently does, happen, that attachments are made by one person, and the execution delivered to another. But then, if the creditor would have the estate which was attached taken in execution, he informs the officer to whom he gives the execution of it, and directs him to take the estate in execution. And, surely, it is much more reasonable that the creditor should let the officer know, when he delivers him the execution, that he is content to take his satisfaction in the debtor’s estate, than that the sheriff should be obliged to give notice to his under sheriff and deputies of what he doth on every writ of attachment, and that they should be obliged to do the like to him and to each other; which must be done, to save the sheriff from being subject to an action, in such a case as is before mentioned, if the law be as is suggested.
In England, where the writ is directed to the sheriff, and returned # by him only, (6) it may be reasonably supposed that he knows what is done by himself, or by his under sheriff or deputies, who make return of their doings to him, for him to make his return by. But here, where the writs are directed and delivered to the deputies as well as the principal, and are executed and returned by them to the court, according to the command therein, it cannot reasonably be supposed that he should know what they have done, or they what he and each other have done. The creditor must therefore make his election after judgment, although estate may have been attached, by his order, on the original writ.
The other four judges were of a different opinion. They declined giving their opinions at large, as Judge Trowbridge had done, but seemed to ground themselves upon the contemporaneous exposition of our laws, and the uninterrupted practice of the province; which they conceived to have been contrary to Judge Trowbridge’s opinion.
Judgment was thereupon rendered for the plaintiffs, from which the defendant claimed his appeal to the king in council.
Note. — It was probably in consequence of the doubts raised by this argument and opinion of Judge Troiubridge, that an act or law of the province was shortly after made, empowering officers to sell goods and chattels, taken by execution, at public vendue. See Ancient Charters, &c. of Massachusetts Bay, 675.
*415 * The following cases are taken from notes of the late Hon. William Cushino, who was seventeen years one of the justices of this Court, twelve of which he was Chief Justice. For their insertion here, the public are indebted to William C. Aylwin, Esq., a counsellor of the court, and nephew of Chief Justice Cusmim.

 2 Inst. 396.

 Carth. 396. —10 Co. 101. —11 Co. 73. — 4 Bac. Abr. 650.

 The right of redeeming real estate taken in execution "was not provided until the act of 12 Anne.

 2 Lord Raym. 1075.

 1 Lord Raym. 346. — Cro. Jac. 346. — Holt, 348.

 Hob. 65.

 See 11 Mass. Rep. 320, Lyman vs. Lyman & Al.

 Dalt. Sher. 95,181